■ JONATHAN CARTER, Respondent, v AVIS RENT A CAR SYSTEM, INC., et al., Appellants and Third-Party Plaintiffs-Appellants. KEITH BELVIN et al., Third-Party Defendants-Respondents. [602 NYS2d 853] —Judgment, Supreme Court, New York County (Martin Evans, J.), entered August 14, 1992, which, inter alia, after jury trial, and on a jury verdict in favor of plaintiff against the defendants in the amount of $800,000, found in favor of the plaintiff against the defendants and awarded damages as provided by CPLR article 50-B, unanimously affirmed, without costs.

In this personal injury accident arising out of a collision between plaintiff's car and a bus within the confines of Newark Airport, the primary issue for the jury, which it resolved in plaintiff's favor, was which vehicle was driving in the wrong lane. Defendants argue that the court erred in dismissing the third-party action against third-party defendant Belvin, plaintiff's co-employee whose vehicle rear ended plaintiff's vehicle after the initial impact, and against third-party defendant National, plaintiff's employer and the owner of Belvin's vehicle. The transcript of the proceedings below makes clear that, contrary to defendants' assertions, the third-party action was voluntarily discontinued with prejudice. The record similarly shows that they did not contest the trial court's determination to curtail certain lines of inquiry during re-direct examination of defendants' expert.

Given the circumstances presented here, an interested witness charge was not warranted as to Belvin's testimony. The

third-party action against Belvin had been discontinued with prejudice. Belvin had not commenced any action in his own right arising out of the incident. The statute of limitations had expired for any other person to commence an action against Belvin arising out of the incident. Nor was Belvin, at the time of trial, an employee of National, as to which all claims had also been dismissed. Given these circumstances, Belvin had neither a legal interest in the matter, nor motive to shield himself from blame, which would have mandated the giving of such a charge.

Defendants' objections to the jury charge are concededly unpreserved. None is so fundamental as to warrant reversal. We have considered defendants' other claims and find them meritless. Concur—Sullivan, J. P., Wallach, Kupferman and Nardelli, JJ.